## DANIEL SMITH vs. GEORGE DUNCAN.

1. Gross inadequacy of price in the absence of fraud, mistake, illegality, or surprise, is not sufficient to set aside a sheriff's sale and conveyance under an execution at law.

2. A court of equity will not afford relief where the complainant has been guilty of *gross laches*, or where the injury was caused by his own *inexcusable negligence* and *inattention* to his interests.

3. A sheriff's sale and conveyance will not be set aside where the property has been resold to a third party for a valuable consideration, without notice of the complainant's equity. Where the equities are equal, the court will not interfere with the party holding the legal title, either for discovery or relief.

On final hearing.

*I. W. Scudder,* for complainant.

*Winfield,* for defendant.

Cases cited by complainant's counsel. *Stockton* v. *Ford,* 11 *How.* 247; *Harden* v. *Patterson,* 5 *Johns. Ch. R.* 48; *Leisenring* v. *Black,* 5 *Watts* 303; *Galbraith* v. *Elder,* 8 *Ibid.* 81; *Hockenbury* v. *Carlisle,* 5 *Watts & Serg.* 348; *Cleavinger* v. *Reimar,* 3 *Ibid.* 486; *Henry* v. *Raiman,* 25 *Penn.* 354; *Surget* v. *Byers,* 1 *Hempstead C. C. R.* 715; *Ford* v. *Harrington,* 16 *N. Y.* 285; *Adams' Eq.* 184; *Benedict* v. *Smith,* 10 *Paige* 126; *Howell* v. *Baker,* 4 *Johns. Ch. R.* 118; 2 *Sugden on Vendors* 552, 560, § 48, 66, (ed. 1851); 1 *Story's Eq. Jur.,* § 400; *Penn* v. *Craig,* 1 *Green's R.* 495.

Cases cited by defendant's counsel. *Hawley* v. *Cramer,* 4 *Cowen* 740; *McCollum* v. *Hubbert,* 13 *Ala.* 289; *Fox* v. *Mackreth,* 2 *Bro. Ch. R.* 400; *Hamilton* v. *Shrewsbury,* 4 *Rand.* 427; *Tripp* v. *Cook,* 26 *Wend.* 159; *Campbell* v. *Gardner,* 3 *Stockt.* 429; *Frakes* v. *Brown,* 2 *Blackf.* 295; *Spencer* v. *Champion,* 13 *Conn.* 11; *Neilson* v. *Neilson,* 5

*Barb.* 568; *Champenois* v. *White,* 1 *Wend.* 92; *Evans* v. *Parker,* 20 *Ibid.* 623; *Porter* v. *Boone,* 1 *Watts & Serg.* 251; *Amer. Ins. Co.* v. *Oakley,* 9 *Paige* 263; *Mohawk Bank* v. *Atwater,* 2 *Paige* 54; *Williamson* v. *Dale,* 3 *Johns. Ch. R.* 290; *Livingston* v. *Byrne,* 11 *Johns. R.* 555, 620; *Outcalt* v. *Disborough,* 2 *Green's Ch. R.* 214; *Skillman* v. *Holcomb,* 1 *Beas.* 131; *Clark* v. *Underwood,* 17 *Barb.* 222.

THE CHANCELLOR. The bill is filed by the defendant in an execution at law, to set aside a sheriff's sale of real estate, made under the execution. The evidence leaves no room for doubt that the complainant's interests were prejudiced by the sale. The property was struck off for $25, and was sold immediately afterwards for $1500.

But there are insuperable difficulties in the way of the complainant's title to relief.

1. There is no evidence of fraud or unfairness in the conduct of the sale. It was duly advertised, in compliance with the requirements of the statute. The complainant, moreover, had actual notice of the time and place of sale. The sheriff testifies that he gave him personal notice of the time and place at which the property was originally advertised for sale. He did not then attend, and the sale was adjourned. He was notified of the time and place to which the sale was adjourned, and failing to attend, the property was then struck off. There is no evidence that the complainant was prevented from attending the sale by accident or mistake. Nor is the allegation of surprise sustained by the evidence. The allegation of the bill is, that the complainant relied upon a third party to attend the sale on his behalf, and that the person so relied upon was absent from the state at the time of the sale. But the evidence does not show that his absence was a surprise to the complainant, or that he was not fully aware that he was not present at the time of the adjournment. The person, upon whom the complainant professes to have relied, was not called as a witness

and the fair presumption is that there was no good ground for relying upon his attendance. The evidence presents a case of inexcusable negligence and inattention to his interests, on the part of the complainant. Against such gross laches, it is not the province of a court of equity to relieve.

2. Relief is sought, not against the purchaser at the sheriff's sale, but against his alienee. The defendant claims to be a *bona fide* purchaser for valuable consideration. The evidence shows that he paid the full amount of the purchase money. One thousand dollars was paid before he received actual notice of the complainant's claim. He is sought to be charged with constructive notice of the circumstances of the sale, which form the basis of the complainant's claim to relief. Admitting that the circumstances of the sheriff's sale were such as to entitle the complainant to relief as against the purchaser under him, the evidence is not sufficient to destroy the defendant's claim to the character of a *bona fide* purchaser for a valuable consideration, without notice of the complainant's equity. His equity is at least equal to that of the complainant, and he has the legal title. Under such circumstances, equity will not interfere, either for discovery or relief. 1 *Story's Eq. Jur.*, § 64, *c*.

The attorney of the plaintiff became the purchaser at the sheriff's sale. Under the circumstances of the case he would, in accordance with a familiar principle of equity, have been regarded as a trustee for the benefit of his client. *Howell v. Baker*, 4 *Johns Ch. R.* 118; *Adams' Eq.* 184.

But the plaintiff in execution is not seeking redress, nor is it perceived how this principle can be invoked in favor of the defendant. He has no claim for equitable relief against the plaintiff in execution. Nor does the case fall within the principle adopted and applied in *Stockton* v. *Ford*, 11 *Howard* 247.

The fact that a part of the purchase money was paid after notice of the complainant's equity, cannot operate to render the conveyance to the defendant fraudulent. Its utmost

effect would be, in case the sale was set aside, to deprive the plaintiff of an equitable claim to a return of that portion of the purchase money.

The bill is dismissed, without costs.